1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  WILLIAM DEREK GRASTY,              No. 2:18–cv–3242–KJN PS

12              Plaintiff,             ORDER ON DEFENDANT'S MOTION
                                       FOR SUMMARY JUDGMENT AND
13         v.                          PLAINTIFF'S MOTION TO AMEND

14  SAN JUAN UNIFIED SCHOOL DIST.,     (ECF Nos. 29, 31.)

15              Defendant.

16

17         This case involves the District's alleged age discrimination against Grasty.[1]  (See ECF No.

18  21.)  In the First Amended Complaint, Grasty alleged one claim of age discrimination for the

19  District's failure to interview and hire him for a "Director of Equity" position.  (ECF No. 6.)  The

20  District now moves for summary judgment, which Grasty opposes.  (ECF Nos. 29, 35.)

21  Additionally, Grasty requested leave to amend in order to add discrimination claims based on race

22  and gender, which the District opposes.  (ECF Nos. 31, 36.)

23         After carefully considering the written briefing, the record, and the applicable law, the

24  Court GRANTS the District's motion for summary judgment and DENIES Grasty's motion to

25  amend.

26  ///

27  ─────────────────────────
    [1] The parties consented to the jurisdiction of the Magistrate Judge for all purposes, under 28
28  U.S.C. § 636(a).  (See ECF Nos. 16, 20.)

                                          1

**Background**[2]

In November of 2017, Grasty applied for the "Director [of] Equity and Student Achievement" position with the San Juan School District. (ECF No. 29–6 at Ex. 4, 5.) Grasty's application contained the following question: "Are you presently retired or on leave from any public agency?" (the "Retirement/Leave Question"). (Id. at p. 11.) Grasty's application indicated he had obtained a certificate from "Harvard Principal's Center" and a master's degree from the University of Michigan. (Id. at p. 9.) Grasty's work history showed employment with three employers since 2011, including serving two years as a "mentor of administrators" at one school district and a combined five years as principal of two other schools. (Id. at p. 10.)

On the whole, the District received 37 applications for this position, and Human Resources Analyst Greg Rich found 23 to meet the minimum qualifications—including Grasty's. (Id. at ¶ 5, decl. Rich.) Thereafter, the "Assistant Superintendent of Education Services" Debra Calvin reviewed the 23 remaining applications and selected six for an interview. (ECF No. 29–7 at ¶¶ 1, 4.) Grasty's was not one of the applications selected. (Id. at ¶ 7.) Calvin stated she did not select Grasty "in part because his application revealed several different employers in a short period of time." (Id.) Calvin stated she and the District "want[ed] to find a person that will stay in an important administration position for a long time." (Id.) Calvin stated she believed that "each of the six candidates selected were more qualified than Mr. Grasty" because several either had or were pursuing a Ph.D., four had some history of working with the District itself, and the person ultimately selected, Diana Marshall, had the combined experience of working with diversity programs in the District. (Id. at ¶¶ 8–10, 15.) Grasty testified at his deposition that he believed he was the most qualified person for the position, but agreed that it was speculative to say he would have been hired. (ECF No. 29–4 at Ex. 2, 113:17–114:5.)

In January 2018, Grasty submitted a "Uniform Complaint Procedure Form" to the District, contending that the Retirement/Leave Question is discriminatory toward older applicants. (ECF No. 29–5 at Ex. 3, p. 6.) Grasty was 57 years old in November 2017. (ECF No. 29–4 at Ex. 2,

---

[2] These facts are stated in a light most favorable to the non-moving party—here, Plaintiff. See Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1045 (9th Cir. 2002).

21:22–15, Defendant's deposition of Grasty.)  Of the six applicants selected for an interview, five were over the age of 40, and the person hired was 54 years old.  (Id. at ¶ 6, decl. Spinelli.)  Further, Grasty contended in the Complaint Form that certain other questions "were not asked when a highly experienced African-American male was not considered for interview[.]"  (ECF No. 29–5 at Ex. 3, p. 6.)  Both Rich and Calvin stated they did not consider the age of any applicant in the selection process.  (ECF No. 29–6 at ¶ 8; 29–7 at ¶ 11.)  Grasty disputes these assertions in his opposition brief, appearing to argue these are pretextual fabrications.  (ECF No. 35 at pp. 6–7.)

In April 2018, Grasty filed a charge with the California Department of Fair Employment and Housing ("DFEH").  (ECF No. 36–1 at p. 7.)  Therein, Grasty checked the boxes alleging discrimination based on "sex" and "age," and asserted he was discriminated against "because of [his] race, Black, sex, male, and age, 57 . . . ."  (Id.)  In August 2018, the DFEH provided Grasty with a notice of right to sue.  (Id. at p. 9.)  On October 20, 2018, Grasty filed a Complaint in the Northern District of California, alleging one claim of discrimination under Title VII and the Age Discrimination in Employment Act ("ADEA").  Grasty alleged age discrimination only, and based his claim on the failure to interview him because he was allegedly screened out due to the Retirement/Leave Question.   (Id. at p. 2.)  In December 2018, Grasty filed a First Amended Complaint ("1AC") detailing additional facts and reasserting only his ADEA claim.  (ECF No. 6.)

After the case was transferred to this Court and an answer was filed, the undersigned issued a pretrial scheduling order closing off:  (i) fact discovery by January 4, 2020, (ii) expert–disclosures by March 2, 2020, and (iii) discovery disputes by May 23, 2020.  (ECF Nos. 8, 17, 24.)  Therein, the Court also noted Grasty's assertion that he "may decide to amend the pleadings to allege other theories – race discrimination based on future discovery."  (ECF No. 24 at p. 2, citing the parties' joint statement at ECF No. 21.)  The Court informed Grasty that no amendment would be permitted except with leave of court for good cause.  (Id.)  The week prior, Grasty downloaded a data sheet from the California Department of Education's website indicating the ethnicities of the District's male administrators, and showing one district–level male employee of African–American descent.  (See ECF No. 30–3 at Ex. 2.)

On November 12, 2019, Grasty lodged a document on the docket entitled "Second Amended Complaint," wherein he reasserted his age claim and added discrimination claims based on race and gender. (ECF No. 27.) However, because this filing was not accompanied by the proper stipulations or request for leave to amend, the Court struck the filing from the docket. (ECF No. 28.) On November 20, 2019, the District filed its motion for summary judgment on Grasty's age–discrimination claim. (ECF No. 29.) A week later, Grasty filed a "Third Amended Complaint" with an accompanying motion to amend. (ECF Nos. 30, 31.) Grasty then filed two opposition motions to the District's summary judgment motion. (ECF No. 35, 38.) The District opposed Grasty's motion to amend, and filed a reply for its summary judgment motion. (ECF No. 36, 39.)

At the January 23, 2020 hearing, the Court inquired as to Grasty's proposed amendments to the pleadings. (ECF No. 42.) Grasty stated the following:

–   He did not initially believe he had been discriminated against because of his race or gender, despite his assertions in the DFEH charge.

–   He learned throughout the discovery process that he may have in fact been discriminated against for these additional reasons.

–   He first learned of the genders and races of District administrators in May of 2019, but wanted to wait until he had more information before he asserted any claims based on race or gender. This included the job applications, which the District had not turned over to him until the fall of 2019.

–   As to his ultimate theory of these new claims, Grasty believed Calvin only wanted to hire her friends for any positions with the District. Grasty acknowledged that both Calvin and Marshall are African–American females.

(See ECF No. 42.)

**Discussion**

The following two matters are before the Court: (I) whether there are genuine issues of material fact regarding Grasty's ADEA claim, and (II) whether good cause exists to permit the addition of race- and gender-discrimination claims at this late stage of the litigation.

4

**I.     The District's Motion for Summary Judgment**

**<u>Legal Standard</u>**

Federal Rule of Civil Procedure 56(a) provides that "[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought."  Summary judgment (i.e. judgment as a matter of law) is proper when the movant demonstrates no genuine issue exists as to any material fact.  <u>Id.</u>  A dispute is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.  <u>Freecycle Sunnyvale v. Freecycle Network</u>, 626 F.3d 509, 514 (9th Cir. 2010) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)).  A fact is "material" if it might affect the outcome of the suit under the governing law.  <u>United States v. Kapp</u>, 564 F.3d 1103, 1114 (9th Cir. 2009).  A shifting burden of proof governs motions for summary judgment under Rule 56, as detailed below.  <u>Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)</u>, 627 F.3d 376, 387 (9th Cir. 2010).

First, the party seeking summary judgment bears the initial burden of informing the court of the legal basis for its motion and of identifying the portions of the declarations, pleadings, and discovery that demonstrate an absence of a genuine issue of material fact.  <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007) (<u>citing</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).  Where the moving party will bear the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the movant.  <u>Id.</u>  Where the moving party will not bear the burden of proof on an issue at trial, the movant may prevail by "merely by pointing out that there is an absence of evidence to support the nonmoving party's case."  <u>Id.</u>  If a moving party fails to carry its burden of production, then "the non-moving party has no obligation to produce anything, even if the non-moving party would have the ultimate burden of persuasion."  <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102-03 (9th Cir. 2000) (<u>citing</u> <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 160 (1970)).

Second, if the moving party meets this initial burden, the opposing party must establish that a genuine issue as to any material fact actually exists.  <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  A genuine dispute of material fact can be

demonstrated by "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B); see also Estate of Tucker v. Interscope Records, 515 F.3d 1019, 1030 (9th Cir. 2008) ("The opposing party cannot rest upon the mere allegations or denials of its pleading, but must instead produce evidence that sets forth specific facts showing that there is a genuine issue for trial.").

In resolving a motion for summary judgment, the evidence of the opposing party is to be believed, and all justifiable inferences that may be drawn from the facts before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. While a "justifiable inference" need not be the most likely or the most persuasive inference, it must still be rational or reasonable. Id. Further, a motion for summary judgment may not rely on (i) "the mere existence of a scintilla of evidence" (Anderson, 477 U.S. at 253); (ii) evidence that is "'merely colorable' or 'is not significantly probative" (Anderson, 477 U.S. at 249-50); (iii) "some metaphysical doubt as to the material facts" (Matsushita, 475 U.S. at 586); of (iv) a party's "conclusory statement [regarding] a genuine issue of material fact, without evidentiary support[.]" (Bryant v. Adventist Health Sys./W., 289 F.3d 1162, 1167 (9th Cir. 2002)).

 "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Moreover, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). The parties have the obligation to particularly identify material facts, and the court is not required to scour the record in search of a genuine disputed material fact. Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010).

Fundamentally, summary judgment may not be granted "where divergent ultimate inferences may reasonably be drawn from the undisputed facts." Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2015).

///

6

**Parties' Arguments**

The District's argument in favor of summary judgment on Grasty's ADEA claim is

multifaceted. The District avers (A) Grasty has not met his initial burden of production; (B) even

if the initial burden is met, the District had legitimate nondiscriminatory reasons why Grasty was

not interviewed or hired, as others were more qualified for the position; and (C) the

Retirement/Leave question exists for reasons unrelated to age. For any one of these reasons, the

District contends no genuine dispute of fact exists on the ADEA claim, necessitating summary

judgment. (See ECF No. 30.)

Grasty argues the following in support of his case that material facts are in dispute:

– Calvin's assertion that the Retirement/Leave Question was not considered is "false"
  because the question appeared on the application "for a purpose, and no other school

  districts include this kind of question. (p. 6:1–20)

– If Calvin didn't consider the Question, maybe she also disregarded other information,
  like Grasty's experience and work history. (p. 6:22–7:5)

– There's a difference between 57 and 54 years old, because the latter cannot answer
  'yes' to the Question. (p. 15:5–7)

– Calvin is not a human–resources professional, and therefore should not be screening

  applications to "hand pick" the new employee. (p. 7:23–27)

– If the District wanted to hire an internal candidate, they could have limited the search

  to "internal only" (and conversely) internal candidates should not have an advantage.

– Marshall had 3 different employers in the relevant years and had a gap in her work

  history, despite Calvin's declaration. (p. 9:13–22)

– Rich perjured himself when discussing the position and CalSTRS. (p. 8:1–8)

– The District has history of race discrimination. (p. 13:1–3)

– Grasty has a right to come out of retirement (p. 8:10–15), is a lifelong learner (p. 9:1),
  and was either the most qualified or very qualified. (p. 11:1–13)

– The Exhibits for the applications are missing the race and retirement questions. (p. 10)

In his opposition brief, Grasty also raises a number of issues he has with aspects of his August

2019 deposition and certain responses from the District to his interrogatories. (ECF No. 35.)

**Analysis**

Grasty's failure-to-interview claim is a claim of disparate treatment under the ADEA.

See, e.g., Fang-Yuh Hsieh v. Shinseki, 342 F. App'x 295, 297 (9th Cir. 2009) (analyzing a

failure–to–interview claim under the same standards as other ADEA cases such as failure–to–

promote cases). The ADEA makes it unlawful for an employer to discriminate "because of [an]

individual's age." 29 U.S.C. § 623(a)(1). The prohibition is "limited to individuals who are at

least 40 years of age." 29 U.S.C. § 631(a). To prevail on a claim for age discrimination under the ADEA, a plaintiff must prove at trial that age was the "but-for" cause of the employer's adverse action. Gross v. FBL Financial Services, Inc., 557 U.S. 167 (2009). The Ninth Circuit analyzes ADEA cases using the framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under the McDonnell Douglas framework, a plaintiff must carry the initial burden to establish a prima facie case that creates an inference of discrimination. Id. at 802. If the plaintiff establishes a prima facie case, an inference of discrimination arises, and the burden shifts to the employer to produce a legitimate, nondiscriminatory reason for its employment action. Id. If the employer does so, the burden shifts back to the employee to prove that the employer's explanation is a pretext for discrimination. Id.

To establish a prima facie case of an ADEA violation in the hiring process, the plaintiff must show he (1) belonged to a protected class; (2) was qualified for hire; (3) was rejected for employment or otherwise subjected to an adverse employment action; and (4) the position was given to "a substantially younger employee with equal or inferior qualifications." France v. Johnson, 795 F.3d 1170, 1174 (9th Cir. 2015). In the Ninth Circuit, "substantially younger" means a difference of over 10 years in age, and a difference less than that is "presumptively insubstantial." Id. Here, it is undisputed that Grasty was 57 at the time he applied for the position. (See ECF No. 29–4 at Ex. 2, 21:22–15, Defendant's deposition of Grasty.) Further, Grasty does not dispute that of the six applicants selected for an interview, five were over the age of 40, and the person hired was 54 years old. (Id. at ¶ 6, decl. Spinelli.) Thus, Grasty's claim that the District's failed to interview him because of his age (because of the Retirement/Leave Question on the application) is presumptively insubstantial. See France, 795 F.3d at 1174.

However, under this framework, the Ninth Circuit instructs that this presumption can be rebutted. To do so, a plaintiff can present additional evidence to show the employer considered age to be important. For example, the plaintiff in France submitted a declaration stating that the hiring agent "explicitly expressed a preference for promoting younger agents." Id. This, the Ninth Circuit explained, was sufficient to make out a prima facie case on the "substantially younger" element. France, 795 F.3d at 1174.

In contrast, the Court sees no evidence in the record that rebuts this finding. The District submitted a declaration from Ms. Calvin that the Retirement/Leave question played no part in why Grasty was not interviewed. (ECF No. 29–7 at ¶ 11.) Calvin stated she believed "each of the six candidates selected were more qualified than Mr. Grasty" because several either had or were pursuing a Ph.D., four had some history of working with the District itself, and the person ultimately selected, Diana Marshall, had the combined experience of working with diversity programs in the District. (Id. at ¶¶ 8–10, 15.) Further, the District submitted a declaration from Mr. Rich, who provided context for why the Retirement/Leave Question was included in the application. (See ECF No. 29–6 at ¶ 8.) Mr. Rich stated that if an individual accepts full–time employment with the District, CalSTRS and CalPERS requires the employer to "ensure that 'pension spiking' does not occur." (Id., referencing Id. at Ex. 6, the CalSTRS Fact Sheet.) Finally, though Grasty argues that only an applicant over 55 could answer 'yes' to the Retirement/Leave Question, the District correctly points out this Question is not even *facially* discriminatory—as it asks in the disjunctive whether the applicant is "presently retired **_or_** on leave from any public agency?" (ECF No. 29–6 at p. 11, emphasis added.) An applicant could be less than 55 years old and, for example, be on disability or maternity leave.

Grasty acknowledged many of these damaging facts at various points in this litigation. For example, when asked about the effect of accepting the position on his own CalSTRS eligibility, Grasty stated he "would have to rescind my retirement, yes." (ECF No. 29–4, Grasty depo. at 91:13–20.) Further, when asked whether an individual's being on leave status would indicate their age, Grasty testified "on leave would not." (Id. at 88:10–13.) In fact, the only information the Court could arguably rely upon for contrary evidence[3] is a portion of the Grasty's deposition testimony—submitted by the District—and a portion of Grasty's opposition brief that he signed as a declaration. In the deposition, Grasty stated he believed he was the most qualified person for the position—a stated belief he thereafter qualified by admitting the speculative nature of his assertions. (ECF No. 29–4 at Ex. 2, 113:17–114:5.) In his opposition declaration, Grasty

---

[3] The Court cannot rely on allegations in the complaint, nor on conclusory assertions in a brief, for evidentiary support. See Bryant, 289 F.3d at 1167.

simply stated he was discriminated against because a "required question referring to AGE was on the application." (ECF No. 35 at p. 14.) These statements are simply too self–serving to create genuine issues of material fact regarding Grasty's attempt to rebut the presumptively insubstantial differences in age. Nigro v. Sears, Roebuck & Co., 784 F.3d 495, 497 (9th Cir. 2015) ("The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence."). The remainder of Grasty's arguments presented in his opposition are irrelevant to the ADEA claim, and so are disregarded.[4]

Because there is no genuine dispute of material fact as to the fourth element of Grasty's claim of age discrimination—the "substantially younger employee with equal or inferior qualifications" element—summary judgment will issue in the District's favor. France, 795 F.3d at 1174; see also e.g., Carlos v. Old Dominion, 726 F. App'x 576, 577–78 (9th Cir. 2018) (finding no ADEA claim where "the driver who took over [the plaintiff's] route was two years younger," and where plaintiff's only rebuttal evidence was his personal, irrelevant observations).

---

[4] This includes Grasty's conclusory challenge regarding the reason for the Retirement/Leave Question, his allegations of perjury, and his irrelevant attack on the District's right to authorize its employees to review applications or hire internal candidates. (See ECF No. 35 at pp. 6–9.) Further, Grasty's attack on the Exhibit applications (that the applications do not list the Question) is inapposite, as Mr. Rich proffered an explanation as to their absence and, more importantly, the District does not dispute that all 37 applicants were asked the Question. (See ECF No. 39–3.) This also includes Grasty's numerous challenges to certain aspects of discovery, including that the District failed to answer his interrogatories. The Court discussed with Grasty the difficulties of bringing a case in federal court as a pro se litigant, and apprised him multiple times of his duty to follow the Rules of Civil Procedure and this Court's Local Rules. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants"); see also E.D. Cal. Local Rule 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law."). Local Rule 251 governs all discovery disputes, and Grasty has never taken advantage of these proceedings—despite having received the District's responses in August of 2019. More importantly, Grasty's assertions as to the District's alleged failures in discovery ultimately have no effect on the Court's holding on the ADEA claim. This includes his assertion as to any "personnel certificate," the number of administrators working in the District, and the number of applicants who answered the Retirement/Leave question. Further, Grasty's complaints about the District's objection to his race/gender claims are indeed irrelevant, as his only live claim is for age discrimination. Finally, Grasty's assertion that he had no time to conduct discovery is absurd on its face. The Court issued the pretrial discovery schedule in December of 2018, leaving Grasty almost a year to depose Ms. Calvin, Mr. Rich, serve interrogatories and requests for production—and bring any disputes to the Court's attention.

10

## II.     Grasty's Motion to Amend the Complaint

### Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that "[t]he court should freely give leave when justice so requires," id., and the Ninth Circuit Court of Appeals has stated that "requests for leave should be granted with 'extreme liberality,'"—especially in the case of pro se litigants. Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009) (citation omitted).

However, the Court of Appeals has also cautioned that "liberality in granting leave to amend is subject to several limitations," which include "undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and quotation marks omitted); AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). Correspondingly, when the court requires a showing of good cause for any further amendments to pleadings, the plaintiff is required to satisfy this "good cause" standard to obtain leave to amend. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-09 (9th Cir. 1992).

Finally, although the Court generally liberally grants leave to amend in the earlier pleadings stage of the action, see Fed. R. Civ. P. 15(a)(2), a pending motion for summary judgment "weighs heavily" against allowing leave to amend. Schlacter-Jones v. Gen. Tel. of California, 936 F.2d 435, 443 (9th Cir. 1991) (overruled in part on other grounds in Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 692 (9th Cir. 2001). This distinction is because "[a] motion for leave to amend is not a vehicle to circumvent summary judgment." Id.; see also Maldonado v. City of Oakland, 2002 WL 826801, at *4 (N.D. Cal. April 29, 2002) (noting the higher standard that a "substantial showing" be made to support the amendment once the opposing party has moved for summary judgment).

///

///

**Parties' Arguments**

Grasty states that amendment should be granted because he discovered new information in discovery that shows "out of 161 administrators in the [District], only one is an African–American male." Thus, he argues he should be granted leave to amend in order to bring Title VII discrimination claims based on race and gender. (ECF No. 31.)

The District opposes amendment on multiple grounds. The District points out Grasty did not check the "Race" box when he filed his DFEH charge, and so argues this claim is waived. It also points to Grasty's delay of over a year in raising these new claims—which were noticed around when the above summary judgment motion was filed. The District also notes the "new information" Grasty claimed to recently discover was publicly–available information that Grasty became aware of in May of 2019. The District claims undue prejudice, as amendment would require reopening of discovery to refocus the inquiry. Finally, the District claims amendment would be futile, given the substance of Grasty's race- and gender-allegations. (ECF No. 36.)

**Analysis**

Given the late–stage request and the futility of the request to amend, and considering Grasty's representations both in his moving brief and at the January hearing, the Court denies Grasty's motion to amend.

First, the Court notes Grasty's undue delay in bringing this motion. In January 2018, Grasty submitted a "Uniform Complaint Procedure Form" to the District. (ECF No. 29–5 at Ex. 3, p. 6.) This exhibit shows that, in addition to his allegation of age discrimination, Grasty argued that certain other questions "were not asked when a highly experienced African-American male was not considered for interview[.]" (ECF No. 29–5 at Ex. 3, p. 6.) In April 2018, Grasty stated in his DFEH charge[5] that he believed he was discriminated against "because of [his] race, Black,

---

[5] The Court declines to take up the District's argument that Grasty waived any race–discrimination claim due to his failure to check the "Race" box on the DFEH form. It is reasonable to conclude that the DFEH's investigation would have included a related race–based charge based on Grasty's description of the charge. See Vasquez v. County of Los Angeles, 349 F.3d 634, 645 (9th Cir. 2003) (finding the plaintiff had exhausted his administrative remedies with regard to retaliation by his supervisor because, "[w]hile the EEOC charge does not contain the relevant legal theory of retaliation, it does contain the relevant factual allegations.").

sex, male, and age, 57 . . . ." (ECF No. 36–1 at p. 7.)  However, when Grasty filed his Complaint in federal court in October of 2018—and amended in December 2018—he only asserted an age–discrimination claim under the ADEA.  (See ECF Nos. 1, 6.)  Thus, it is clear Grasty had some belief he was discriminated against because of his race and gender well before he filed his initial complaint.  See, e.g., Ryan v. Editions Ltd. W., Inc., 786 F.3d 754, 767 (9th Cir. 2015) (affirming denial of leave to amend where the plaintiff had asserted these claims well prior to her motion to amend); see also Kowalow v. Correctional Services Corp., 35 Fed. Appx. 344 (9th Cir. 2002) ("This Court does not look favorably on delayed motions to amend when the facts and theory have been known to the party seeking the amendment since the beginning of the action").

To Grasty's credit, he stated at the January 2020 hearing that he did not want to include any race- or gender-claims until he had a factual basis to support them, as is required by Rule 11.  Thus, the Court imputes no bad faith on Grasty's part.  However, when the Court inquired further into Grasty's knowledge of the alleged discrimination at the hearing, it became clear that Grasty first "discovered" his factual basis for these claims in May of 2019.  In line with these findings, Grasty's moving brief relies almost wholly on his Exhibit 2, a spreadsheet detailing the racial composition of male administrators in the District and showing one district–level male employee of African–American descent.  (See ECF No. 30–3 at Ex. 2.)  Grasty admitted at the hearing that this information was downloaded from the California Department of Education's website in May of 2019, and could have been available to him at any point prior to then (including in January 2018 when he first complained to the District or in April 2018 when he filed his DFEH charge).  (See Id. at p. 2, noting a May 23, 2019 creation date.)  Thus, Grasty's undue delay and lack of good cause weighs against allowing amendment.  Ryan, 786 F.3d at 767; Mammoth Recreations, 975 F.2d at 607–08 ("[T]he 'good cause' standard primarily considers the diligence of the party seeking amendment."); see also e.g., Kowalow, 35 Fed. Appx. at 346–47 (failure to point to "newly discovered facts" is a valid reason to deny motion to amend); Verducci v. Sonoma Valley Hosp. Dist., 87 F.3d 1325 (9th Cir. 1996) (unpublished) (affirming denial of leave to amend where the evidence relied upon by the plaintiff of the alleged gender–discrimination was known to her at least seven months prior to her motion to amend).

Further, the Court finds that allowing amendment would unduly prejudice the District. See Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) ("[T]he consideration of prejudice to the opposing party carries the greatest weight."). Despite Grasty's sporadic assertions to the District's counsel that he was thinking of adding these new claims (see e.g. ECF No. 21), he delayed until after the District had completed all of its discovery—including its deposition of Grasty—and delayed further until after the District filed its summary judgment motion.  (See ECF Nos. 27–31, all filed in November 2019.)  Allowing amendment now would be allowing for Grasty to "circumvent summary judgment" on his discrimination claim.  Khobragade v. Covidien, 2019 WL 65424 at *14 (S.D. Cal. February 15, 2019) (citing Roberts v. Ariz. Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981); see Ryan, 786 F.3d at 767; see also e.g., Adams v. California Dept. of Health Services, 220 Fed. Appx. 590, 592 (9th Cir. 2007) (affirming denial of motion to amend where the plaintiff waited until "after substantial discovery had taken place," which "would have prejudiced the defendants and caused undue delay."); Verducci, 87 F.3d at *8 (denial appropriate where "discovery was near an end, and the [defendant] was about to file its motion for summary judgment.").

Finally, the Court finds that allowing amendment for Grasty to bring race- and gender-discrimination claims would be futile.  The core facts Grasty relies upon to assert these new claims are substantially similar to those in his ADEA claim, which the Court has just rejected. (See Section I above.)  Further, at the hearing, the Court inquired into Grasty's theory of the case. After some discussion, Grasty acknowledged that both Calvin and Marshall are African–American females, and ultimately admitted that he believed Calvin only wanted to hire her friends for any positions with the District.  See United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011) ("Leave to amend is warranted if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint.") (cleaned up).

For these reasons, the Court denies Grasty's motion to amend in order to add new claims of race- and gender-discrimination.

////

**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to amend (ECF No. 31) is DENIED;

2.  Defendant's motion for summary judgment (ECF No. 29) is GRANTED;

3.  Judgment is entered for Defendant;

4.  The Clerk of Court is directed to CLOSE this case.

Dated:  February 7, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

gras.3242