UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM DEREK GRASTY,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JUAN USD,<br><br>    Defendant. | No. 2:18–cv–3242–KJN (PS)<br><br>ORDER ON BILL OF COSTS<br><br>(ECF Nos. 46, 47) |

This case concerns defendant's alleged age discrimination against plaintiff in failing to hire him for a position.[1] (See ECF No. 21.) The Court granted defendants' motion for summary judgment, entered judgment in favor of defendants, and ordered the case closed. (ECF No. 44.) On February 18, 2020, defendants submitted a bill of costs. (ECF No. 46.) On March 2, 2020, plaintiff filed objections to certain of those costs; defendants opposed the objections, and plaintiff replied. (ECF Nos. 47, 48, 49.) For the reasons stated below, plaintiff's objections are overruled.

Defendants first note, correctly, that plaintiff's objections were untimely. Local Rule 292(c) states that "[t]he party against whom costs are claimed may, within seven (7) days from date of service, file specific objections to claimed items with a statement of grounds for objection." Here, plaintiff's objections were filed more than seven days after defendants requested costs. Nevertheless, the court reviews plaintiff's objections. Cf. Herrera v. Redding,

---

[1] The parties consented to the jurisdiction of the Magistrate Judge for all purposes, under 28 U.S.C. § 636(a). (See ECF Nos. 16, 20.)

1

2019 WL 5959673, at *2 (E.D. Cal. Nov. 13, 2019, O'Neill, C.J.) ("Plaintiff failed to file objections to Defendant's bill of costs or file a motion for review by the Court within seven days after costs were taxed. Nevertheless, the Court will consider the merits of Plaintiff's motion for reconsideration."); Bradley v. Cty. of Sacramento Dep't of Human Assistance of N. California Welfare Div., 2019 WL 1243720, at *1 (E.D. Cal. Mar. 18, 2019, Nunley, J.) (same); Bryant v. Gallagher, 2017 WL 2671013, at *1 (E.D. Cal. June 21, 2017, McAuliffe, M.J.) (same); Durand v. Stephenson, 2013 WL 2190165, at *1 (E.D. Cal. May 20, 2013, Mendez, J.) (finding excusable neglect in reviewing objection to costs on the merits); Osei v. GMAC Mortg., 2010 WL 2035697, at *1 (E.D. Cal. May 20, 2010, Ishii, C.J.) (examining costs on the merits despite both parties' failure to follow the local rules regarding timeliness).

Plaintiff's objections are faulty on the merits. First, plaintiff disputes a $320 fee for video recording of the deposition, arguing this cost is not allowed under 28 U.S.C. § 1920 because it is not for "printed or electronically recorded transcripts necessarily obtained for use in the case." (ECF No. 47 at 1:22-27.) It is true that this court has previously found that the cost of videotaping depositions falls outside the scope of Section 1920(2)—where the party seeking costs fails to explain the need to video the deposition. Weco Supply Co. v. Sherwin-Williams Co., 2013 WL 56639, at *5 (E.D. Cal. Jan. 3, 2013) ("To recover, the prevailing party must demonstrate that a videotaped copy of the deposition was necessary."); see also, e.g., Pruitt v. Genentech, Inc., 2019 WL 4034480 (E.D. Cal. Aug. 27, 2019, Mendez, J.) ("Pruitt did not explain why duplication of these deposition costs was necessary and absent such an explanation he is not entitled to recover this cost."); Stokes v. City of Visalia, 2018 WL 4030732 (E.D. Cal. Aug. 20, 2018, Boone, M.J.) (same). Here, defendant maintains that because plaintiff's case rested on his testimony that he was discriminated against by members of the district, a video was needed in order analyze plaintiff's "credibility, demeanor, and ability as a witness." (ECF No. 48.) The court finds explanation sufficient, and the costs awardable.

Second, plaintiff contends that defendants' request for approximately $1200 for the 200-page printed transcript is unwarranted, given that defendants only used 31 pages in its summary judgment motion. Plaintiff thus argues defendants should only be awarded 15% of the total cost

for the transcript. Discounting costs on this basis would require opposing counsel to pre-analyze the issues raised in plaintiff's deposition, then inform the transcription company to only generate the pages need. Neither case law nor simple logic supports such an argument. Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); see also U.S. Fidelity & Guar. Co. v. Lee Investments LLC, 2010 WL 3037500 (E.D. Cal. Aug 2, 2010, Wanger, J.) (allowing cost of certain depositions even though they were for investigatory purposes only and not used in trial); McGuigan v. CAE Link Corp., 155 F.R.D. 31 (N.D.N.Y. 1994) ("[T]hat some portions of the depositions were not presented at trial does not make them 'unnecessary.'").

Third, plaintiff simply states, without argument that the approximately $1200 for record subpoenas are not allowed under the statute. Conversely, defendants argue the fees for the records are warranted under subsection 4, as a "copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Defendants argue:

> The District subpoenaed the current and former employers of William Derek Grasty. It was necessary for the District to subpoena these records to seek out potential witnesses, documents, and information necessary to evaluate the merits of Plaintiff's employment discrimination claims. Without these documents, the District would be unable to adequately defend against Plaintiff's employment discrimination claims.

The court finds defendants' argument persuasive. See, e.g., Zurich American Insurance Company of Illinois v. Accuire, LLC, 2019 WL 6840422 (E.D. Cal. Feb. 16, 2019, Mendez, J.) (allowing subpoena fees); Daniel v. Ford Motor Company, 2018 WL 1960653 (E.D. Cal. Feb. 16, 2018, Shubb, J.) ("[S]ubpoenas were reasonable and necessary in light of the facts known at the time of service."); Fay v. Fay, 2015 WL 7271713 (Nov. 17, 2015, Ishii, J.) (12 records subpoenas taxed).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's objections to defendants' bill of costs are OVERRULED; and
2. The Clerk of the Court is directed to tax costs as allowed by statute.

Dated: April 7, 2020

gras.3242

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE